IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN BENGE,<br><br>        Plaintiff,<br><br>   vs.<br><br>OFFICER SPRUEILL, et al,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 10-0978 LJO SMS<br><br>**ORDER ON DEFENDANTS' F.R.Civ.P. 12 MOTION TO STRIKE CLAIMS**<br>(Doc. 15.) |

**INTRODUCTION**

Defendant City of Modesto ("City") police officers[1] seek to strike as immaterial and legally barred plaintiff Justin Benge's ("Mr. Benge's") due process claims under the Fifth and Fourteenth Amendments. Mr. Benge concedes that he lacks a Fifth Amendment claim but attempts to support a Fourteenth Amendment claim. This Court considered Mr. Benge's F.R.Civ.P. 12(f) motion to strike on the record and VACATES the November 3, 2010 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES Mr. Benge's claims based on Fifth and Fourteenth Amendment due process violations.

---

[1] The defendant officers are Jeff Sprueill ("Officer Sprueill") and Cameron Cromwell ("Officer Cromwell"). The City and Officers Sprueill and Cromwell will be referred to collectively as "defendants."

# BACKGROUND[2]

## Mr. Benge's Attack And Detention

During the evening of June 20, 2009, Mr. Benge walked past a Modesto restaurant well-known to the City's police department "to harbor violent individuals who would annoy and assault passers-by." Also on that evening, at least one assault occurred at the restaurant, and police officers were present as Mr. Benge walked by.

A restaurant patron taunted Mr. Benge and "10 to 15 patrons, in full view of the police, approached plaintiff with bottles, clubs, and knives" and attacked Mr. Benge. The attackers fled as Officers Sprueill and Cromwell approached. As Mr. Benge "attempted to stumble slowly toward safety," Officers Sprueill and Cromwell tackled Mr. Benge from behind to slam his face into the pavement and break Mr. Benge's nose. Officers Sprueill and Cromwell handcuffed Mr. Benge and asked him questions lacking neither "probable cause nor reasonable suspicion to justify detaining or restraining plaintiff."

Mr. Benge was treated at a hospital and was never charged with a crime.

## Internal Affairs Complaint

Mr. Benge pursued a complaint with the City's police department. The Internal Affairs sergeant told Mr. Benge that "it seems that you got your ass beat and now you're angry and taking it out on the cops." Internal Affairs exonerated Officers Sprueill and Cromwell.

## Mr. Benge's Claims

Defendants challenge the FAC's first claim under 42 U.S.C. § 1983 ("section 1983") against Officers Sprueill and Cromwell and which alleges excessive force and violation of due process. More particularly, the first claim alleges that Officers Sprueill and Cromwell deprived Mr. Benge's "constitutionally protected rights," including:

   a. The right to free from unreasonable searches and seizures, as guaranteed by the Fourth and **Fourteenth** Amendments to the United States Constitution;

   b. The right not to be deprived of life, liberty, or property without due

---

[2] The factual recitation is derived generally from Mr. Benge's First Amended Complaint for Violation of Civil Rights ("FAC"), the target of defendants' challenges.

2

      process of law, as guaranteed by the **Fifth and Fourteenth** Amendments to the United States Constitution; and,

   c.   The right to free form [sic] the use of excessive force by police officers, which is guaranteed by the Fourth, **Fifth and Fourteenth** Amendments to the United States Constitution. (Bold added.)[3]

## DISCUSSION

### Applicable F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Defendants fashion their motion as one to strike under F.R.Civ.P. 12(f). However, defendants' motion should be analyzed under F.R.Civ.P. 12(b)(6) standards given the recent decision of *Whittlestone, Inc. v. Handi-Craft Co.*, __ F.3d __, 2010 WL 3222417, *4 (9th Cir. 2010) ("We therefore hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.") As such, this Court will address Mr. Benge's claims under F.R.Civ.P. 12(b)(6) standards.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

---

[3] These constitutional violations will be referred to collectively as the "section 1983 claim."

*In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

With these standards in mind, this Court turns to defendants' challenges to the section 1983 claim.

**Unreasonable Search And Seizure And Excessive Force Claims**

Defendants seek to dismiss the section 1983 claim to the extent it is based on Fifth and Fourteenth Amendment due process violations. Defendants argue that substantive due process rights are restricted to those "deeply rooted in this Nation's history and tradition."

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide of analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct. 807, 813 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871 (1989)). "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier,* 520 U.S. 259, 272, n. 7, 117 S.Ct. 1219 (1997).

In *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989), the United States Supreme Court determined that section 1983 excessive force claims are addressed under the Fourth Amendment's reasonableness standard:

> [A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

Moreover, the "Due Process Clause of the Fifth Amendment applies to actions of the federal government and not to individual activities of private actors." *Alexander v. City and County of Honolulu*, 545 F.Supp.2d 1122, 1132-1133 (D. Haw. 2008) (citing *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir. 1982).

Defendants argue that the section 1983 claim invokes only the Fourth Amendment in that it arises "in the context of a seizure, either as a detention, by the application of force to the person of the plaintiff by a peace officer, or as an arrest." Defendants note the section 1983 claim invokes no constitutional right outside the Fourth Amendment's scope to warrant its dismissal to the extent based on Fifth and Fourteenth Amendments.

Mr. Benge raises no legitimate grounds to base unreasonable search and seizure and excessive force claims under the Fourteenth Amendment. Mr. Benge appears to claim that he needs to plead the Fourteenth Amendment under *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684 (1961), where the U.S. Supreme Court explained that the " Fourth Amendment's right of privacy has been declared enforceable against the States through the Due Process Clause of the Fourteenth." The Fourth Amendment is the particularized amendment for Mr. Benge's claims. Mr. Benge concedes the Fifth Amendment is not applicable to his claims. Mr. Benge's section 1983 claim based on unreasonable search and seizure and excessive force is limited to Fourth Amendment standards to warrant its dismissal to the extent it purports to allege unreasonable search and seizure and excessive force under the Fifth and Fourteenth Amendments' due process clauses.

### Access To Courts

In his opposition papers, Mr. Benge suggests that the section 1983 claim alleges his denial to access to courts. Mr. Benge claims that Officers Sprueill and Cromwell were untruthful and that Internal Affairs "sided with their own officers with little regard to plaintiff's version of the facts" to constitute "a coverup which is a clear due process violation." Mr. Benge quotes from *Estate of Smith v. Marasco*,

318 F.3d 497, 511 (3rd Cir. 2003): "Cover-ups that prevent a person who has been wronged from vindicating his rights violate the right of acess to the courts protected by the substantive due process clause."

Despite Mr. Benge's claims, the FAC lacks a court access denial claim. *Smith*, cited by Mr. Benge, supports as much: "only prefiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation." *Smith*, 318 F.3d at 511. The FAC fails to allege facts that Mr. Benge was denied court access or limited to ineffective or meaningless access. He filed this action, and there are no allegations that Officers Sprueill or Cromwell deterred its filing. The FAC alleges that no criminal action was filed against Mr. Benge. Mr. Benge's disagreement with the Internal Affairs' evaluation does not constitute actionable court access denial. In short, the FAC fails to allege a substantive due process claim.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice the section 1983 claim to the extent based on Fifth and Fourteenth Amendment due process violations; and

2. ORDERS defendants, no later than November 8, 2010, to file an answer to the FAC.

IT IS SO ORDERED.

**Dated:   October 21, 2010**              **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE